**UNITED STATES DISTRICT COURT**             **PRIORITY SEND**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 11-7176-JFW (SSx)**                          Date: March 2, 2012

Title:        Mitra Ansari -v- The Bank of New York Mellon, et al.

**PRESENT:**
         **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

         **Shannon Reilly**                              **None Present**
         **Courtroom Deputy**                            **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                        None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER DENYING DEFENDANTS' MOTION TO**
                                       **DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
                                       **AND TO EXPUNGE LIS PENDENS [filed 1/20/2012;**
                                       **Docket No. 34];**

        On January 20, 2012, Defendants Bank of New York Mellon f/k/a The Bank of New York, as Trustee for Certificateholders of CWMBS 2005-HYB2 ("BNYM"), Bank of America, N.A., erroneously sued as "Bank of America" as successor by merger to BAC Home Loan Servicing LP ("BANA"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") filed a Motion to Dismiss Plaintiff's First Amended Complaint and to Expunge Lis Pendens.  On February 7, 2012, Plaintiff Mitra Ansari ("Plaintiff") filed Opposition.  On February 13, 2012, Defendants filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's February 27, 2012 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

        A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a

right to relief above the speculative level." *Id.*

      In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

      "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

      The Court finds that the issues raised by Defendants are more appropriately resolved in a motion for summary judgment. Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and to Expunge Lis Pendens is **DENIED**.

      IT IS SO ORDERED.

Initials of Deputy Clerk __sr__